Mr. Justice Thacheii,
delivered the opinion of the court.
This suit was instituted in the circuit court of Kemper county, from the judgment of which court, it has been brought here by writ of error.
The action was brought against the acceptor of a bill of exchange, who sought to introduce as a witness, in his behalf, the drawer of the same bill. When put on voir dire, the drawer stated that he was in fact bound jointly with the acceptor, as a partner, to pay the bill of exchange sued upon. The defendant then executed and delivered to the drawer, a release of all *259 claims upon him for contribution on account of said bill, and a discharge of liability to him, the acceptor, on its account. He was thereupon admitted by the court below to testify, and a verdict was found for the defendant. The record does not contain a statement of the full evidence introduced upon the trial, and the admission of the drawer as a witness, is the sole ground of error taken.
The question, under these circumstances is, whether the interest of a partner is entirely removed by the release of his copartner 1
We think the witness should have given his copartner, the' defendant, a release of all demands. It does not appear but that the firm owed other debts, besides the one sued upon, and if a verdict were obtained against the defendant, it might diminish, pro tanto, the assets of the partnership, which constitute the security which the witness had against the debts due from the firm. 4 Barn. & Adol. 156. In this way, there may be a decrease of the partnership fund, in which the witness has an interest paramount to the release.
The ends of justice demand that courts should guard strictly against the admission of interested witnesses, and we are inclined to the English rule, which required general releases front) the defendant to the witness, and from the witness to defendant, to restore competency.
Judgment must be reversed, and a new trial granted.